IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| CARPENTER CHEMICALS, LC,<br><br>   **Plaintiff,**<br><br>   v.<br><br>TAEGER ENTERPRISES, INC.,<br>d/b/a/ T&S Enterprises, Inc.<br><br>and<br><br>JEFFREY H. THOMAS,<br><br>   **Defendants.** | Civil Action No.: 1:10CV791 AJT/TRJ |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS AND TO COMPEL ARBITRATION**

Defendants Taeger Enterprises, Inc., d/b/a/ T&S Enterprises, Inc. ("T&S"), and Jeffrey H. Thomas ("Thomas") (jointly, "Defendants") state the following in support of their Motion to Dismiss and to Compel Arbitration.

**I. INTRODUCTION**

In May of 2008, Plaintiff Carpenter Chemicals LC ("Carpenter"), a Virginia company which distributes metal pretreatment chemical products in the United States, entered into an agreement (the "T&S Agreement") with T&S, a Florida corporation, making T&S one of its sales representatives. (Compl. ¶¶ 31-32.) At the time the T&S Agreement was executed, Thomas (a Canadian citizen) was an employee of T&S. (Compl. ¶ 30.)

The T&S Agreement outlines the obligations and rights of each party in relation to the sale and distribution of Carpenter's products and includes the following arbitration provision:

> The parties agree to binding arbitration in the Commonwealth of Virginia under the rules of the American Arbitration Association. This will, however, not exclude the right to petition a court of competent jurisdiction in the

Commonwealth of Virginia for issuance of an injunction in the event of threatened irreparable injury.

(Compl., Ex. A, Section 11.1.)

That same provision appears in the 2006 contract between Carpenter and Thomas' Canadian-based company, Trimech Finishing Solutions, Inc. (Compl. ¶ 16.) A copy of that contract (the "Trimech Agreement") is attached as Exhibit 1. Carpenter alleges that Thomas only gained access to Carpenter's allegedly proprietary commercial information under the auspices of the Trimech Agreement. (Compl. ¶ 17.)

On July 16, 2010, Plaintiff commenced this action by filing a Complaint for Damages and Injunctive Relief in this Court, asserting claims against T&S for breach of the T&S Agreement and unjust enrichment (Counts 1-4, 6), and against T&S and Thomas for misappropriation of trade secrets and conspiracy to injure Carpenter's business (Counts 5 and 7). Carpenter's Complaint seeks permanent injunctive relief, but makes no allegation of any irreparable harm justifying such relief.

Carpenter acknowledges in its Complaint that this dispute "may be referred in whole or in part to arbitration." In fact, arbitration is mandatory. Because all of Carpenter's claims against Defendants are subject to arbitration under the T&S Agreement and the Trimech Agreement, the Complaint should be dismissed and Carpenter should be compelled to arbitrate this dispute.

## II. ARGUMENT

There is no question that the parties' dispute is subject to the valid and enforceable arbitration provision contained in the T&S Agreement and the Trimech Agreement. The mandate of the Federal Arbitration Act ("FAA") is clear. Section 2 of the FAA provides:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or

2

> any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2 (2000). The FAA requires a court to enforce "a wide range of written arbitration agreements." *Delta-T Corp. v. Pac. Ethanol, Inc.*, No. 3:08CV524, 2009 U.S. Dist. LEXIS 8151, *21 (E.D. Va. Jan. 7, 2009) (citing *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 111 (2001); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). "The FAA provides that an agreement to arbitrate a dispute arising from a transaction involving commerce is 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Id.* (citing 9 U.S.C. § 2); *see also Hall Street Associates, LLC v. Mattel, Inc.,* 552 U.S. 576, 582 (2008) (finding that the FAA makes contracts to arbitrate valid, irrevocable, and enforceable so long as their subject involves commerce). Moreover, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. In *Drews Distributing, Inc. v. Silicon Gaming, Inc.*, 245 F.3d 347, 349 (4th Cir. 2001), the Fourth Circuit declared:

> [T]he heavy presumption of arbitrability requires that when the scope of the arbitration clause is open to question, a court must decide the question in favor of arbitration. A court should not deny a request to arbitrate an issue unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. (internal citations omitted).

*See also Branchville Mach. Co. v. Agco Corp.*, 252 F. Supp.2d 307, 310 (E.D. Va. 2003) (same); *Peoples Security Life Ins. Co. v. Monumental Life Ins. Co.*, 867 F.2d 809, 812 (4th Cir. 1989) ("This heavy presumption in favor of arbitrability is based on public policy considerations of the need for speedy and efficient decisions not subject to delay and obstruction in the courts.").

A.     **This Dispute Is Arbitrable.**

A party may compel arbitration under the FAA if it shows that: "(1) a dispute exists between the parties; (2) the parties formed a written agreement to arbitrate that 'purports to cover the dispute;' (3) the transaction 'evidenced by the agreement' is related to interstate or foreign commerce; and (4) that the other party failed, neglected, or refused to arbitrate the dispute." *Drews Distrib.*, 245 F.3d at 349 (citing *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500-01 (4th Cir. 2002); *Republic Bank & Trust Co. v. Kucan*, 245 F. App'x 308, 312 n.1 (2007)). Here, the first, third and fourth factors are not at issue: there is a live dispute between Plaintiff and Defendants, the transactions evidenced by the T&S Agreement and the Trimech Agreement related to interstate and foreign commerce, and Carpenter has failed to demand an arbitration. All that is at issue, then, is whether the parties' arbitration provisions cover this dispute. As shown below, it quite clearly does.

First, the language in the arbitration provision is unequivocal that "[t]he parties agree to binding arbitration." (Compl., Ex. A., Section 11.1.; Ex. 1, Section 11.1) While this language does not specifically define the scope of the arbitration, it is evident that the parties intended to draft language that "purports to cover" disputes arising from the parties' relationship created in the Agreement. *Drews Distrib.*, 245 F.3d at 349.

Second, each and every claim asserted in this suit arises from one or both of the contracts at issue. Counts 1-4 expressly allege that T&S breached the T&S Agreement. Count 5 alleges that T&S and Thomas disclosed Carpenter's customer list, prospect list and certain technical information, which they had acquired under circumstances giving rise to a duty to maintain secrecy. As Carpenter acknowledges, any such duty was created only by the T&S Agreement or by the Trimech Agreement. (Compl. ¶¶ 16-17; 33-34; Compl, Ex. A, Section 2.1-2.2; Ex. 1,

Section 2.1-2.2). Count 6, which alleges that T&S has been unjustly enriched by its conduct, again depends upon T&S having allegedly profited from information it only received, says Carpenter, by virtue of its contractual relationship with Carpenter. Count 7, which imagines that T&S and Thomas concocted an elaborate scheme to undermine Carpenter, again hinges upon access to information that could not have been gained but for the contractual relationships between Trimech, T&S and Carpenter. In short, T&S and Thomas are well within their rights to insist upon the arbitration of every aspect of Carpenter's claims again them.

**B.      Dismissal, As Opposed To A Stay, Is Appropriate Here.**

Carpenter indicates it its Complaint that it "will move this Court to stay the matter and refer it to arbitration." (Compl. ¶ 2). That is inconsistent with the law in this district. Under the circumstances here, where all of the issues presented by the Complaint are subject to arbitration, the Court should dismiss the case without prejudice rather than simply staying the matter pending arbitration. *Johnson v. Carmax, Inc.*, 2010 U.S. Dist. LEXIS 70700, *13-14 (E.D. Va. July 14, 2010) (Spencer, C.J.) ("Retaining jurisdiction and staying this action will serve no purpose. Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy, but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law."); *see Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir 2001) ("[d]ismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable"); *Physicians Ins. Capital, LLC, v. Praesidium Alliance Group, LLC*, Civil Action No. 1:10cv469(AJT/JFA), slip op. (E.D. Va., July 16, 2010) (Trenga, J.) (dismissing case without prejudice and compelling arbitration) (attached as Exhibit 2).

Here, all of Carpenter's claims are subject to arbitration under the arbitration clause contained in Section 11.1 of the T&S Agreement and/or the Trimech Agreement. Accordingly, staying this action until the conclusion of the arbitration will serve no purpose because all of these claims can be resolved by the arbitration proceedings. Accordingly, the Complaint should be dismissed without prejudice and the Carpenter should be compelled to arbitrate this dispute as it agreed to do.

### III. CONCLUSION

Therefore, for the reasons stated above, Defendants respectfully request that the Court issue an order dismissing the Complaint without prejudice and compelling arbitration of all claims.

Date:  August 31, 2010

Respectfully submitted,

TAEGER ENTERPRISES, INC. &
JEFFREY H. THOMAS

By Counsel

/s/_____
Robert M. Tyler (VSB # 37861)
Evan E. Miller (VSB #77084)
Attorneys for Taeger Enterprises, Inc. &
Jeffrey H. Thomas
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
Telephone:    (804) 775-1000
Facsimile:    (804) 775-1061
rtyler@mcguirewoods.com
emiller@mcguirewoods.com

## CERTIFICATE OF SERVICE

I certify that on August 31, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/EF system, which will send notification of the filing to the following counsel of record for Plaintiff Carpenter Chemicals, LC:

James S. Kurz
Alexandria | Fairfax Litigation PLLC
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
Phone: (703) 370-2096
jkurz@alexffxlitigation.com

John Ates
Ates Law Firm, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Phone: (703) 647-7501
FAX: (703) 229-6430
j.ates@ateslaw.com

/s/_____
Robert M. Tyler (VSB # 37861)
Evan E. Miller (VSB #77084)
Attorney for Taeger Enterprises, Inc. &
Jeffrey H. Thomas
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
Telephone:   (804) 775-1000
Facsimile:   (804) 775-1061
rtyler@mcguirewoods.com
emiller@mcguirewoods.com