# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISRICT OF VIRGINIA

## - Alexandria Division –

| | |
|---|---|
| **CARPENTER CHEMICALS LC** ) | |
| ) | Case No.: 1:10-cv-00791 |
| versus ) | (AJT/TRJ) |
| ) | |
| **TAEGER ENTERPRISES, INC.** *et al*. ) | Motion Argument: |
| ) | October 1, 2010 |

### PLAINTIFF CARPENTER CHEMICALS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS AND TO COMPEL ARBITRATION

Plaintiff Carpenter Chemicals LC responds to Defendants' Motion to Dismiss and to Compel Arbitration.

## I.  INTRODUCTION AND SUMMARY

Carpenter Chemicals' claims against T&S Enterprises belong for now in arbitration. But the claims against the second defendant, Jeffrey Thomas, do not go to arbitration absent an agreement between Carpenter Chemicals and Thomas. While the parties may subsequently agree to total arbitration, there is no agreement today.

Defendants' Motion raises two questions. First, are Plaintiff's claims against Jeffrey Thomas individually subject to the arbitration agreement in a contract to which Thomas is not a party? Next, should the Court stay proceedings pending arbitration rather than dismiss the claims when the plaintiff seeks significant injunctive relief not covered by the arbitration agreement, and when claims against a second defendant remain?

Plaintiff Carpenter Chemicals acknowledges in its Complaint that its claims against Defendant Taeger Enterprises, Inc. d/b/a T&S Enterprises (referred to hereinafter as "T&S Enterprises") are mostly subject to arbitration pursuant to the parties' contract. But the claims against Jeffrey Thomas individually are not covered by the contract. In their Motion, Defendants try to redirect the claims against Thomas to a Canadian corporation, but that's far from what the Complaint alleges. The claims against Thomas are outside the arbitration term and not part of Thomas' prior work for the Canadian company. Consequently, absent some subsequent agreement between Carpenter Chemicals and Thomas, the two Counts against Thomas remain in this Court.

Defendants next argue that all claims should be dismissed rather than stayed. As to the claims against T&S Enterprises, Plaintiff requests in the Complaint certain injunctive relief which only a court can order. Indeed, the parties' contract plainly recognizes this where the arbitration provision includes an exception for injunctive relief. Thus, for Carpenter Chemicals' claims against T&S Enterprises, the proceedings should be stayed pending arbitration, and then injunctive relief later entered by this Court based upon the arbitral findings.

The Thomas claims should remain in this Court, but if sent to arbitration either pursuant to an agreement or otherwise, the Court should likewise stay the proceedings, not dismiss them.

## II.  ARGUMENT

A. Jeffrey Thomas is Not Covered by the
   <u>Carpenter Chemicals/T&S Enterprises Arbitration Provision.</u>

The Carpenter Chemicals/T&S Enterprises contract includes an arbitration provision in Section 11.1. Jeffrey Thomas is not a party to the contract, and therefore individually is not

subject to the contract's arbitration requirement.   Nor is Thomas a third-party beneficiary who might move separately for a stay.

The Carpenter Chemicals/T&S Enterprises contract is Exhibit #1 to the filed Complaint. The contract is between Carpenter Chemicals and T&S Enterprises; nowhere does Jeffrey Thomas' name appear in the contract document.  Arbitration is imposed only by contract. Thomas is plainly not a party to the contract at issue, and there is no apparent basis for Thomas to assert that he is a third-party beneficiary.

Defendants seemingly argue that Thomas was an employee of T&S Enterprises, and that this sweeps the claims against Thomas under the arbitration term.  But contrary to Defendants' factual statement at page 1 of its Motion, the Complaint does not assert nor concede that as of the time or much of the tortious conduct or when T&S Enterprises signed its contract with Carpenter Chemicals that Thomas was an employee of T&S Enterprises.  Indeed, Carpenter Chemicals identifies Thomas individually throughout the Complaint, and alleges that he was acting individually.   See Complaint ¶¶ 17, 18, 20, 22, 23, 24, 30, 31, 53, 92, 93, 94, 95, 102, 103, 104 and 105.  Defendants cannot refashion the facts for purposes of their Motion; the Complaint allegations control.

Defendants' second escape attempt is their argument that Thomas was covered by a separate agreement between Carpenter Chemicals and Trimech Finishing Solutions, Inc., a Canadian company.  That agreement includes an identical arbitration term.  But while Thomas worked for Trimech from 2006 to early 2008, Trimech is not relevant to the arbitration issue as it involves Thomas acting individually.  Trimech dropped out of the picture while Thomas pursued his own separate deal with T&S Enterprises.

Carpenter Chemicals has not sued Trimech, and the allegations remain that Thomas was acting in his individual capacity when he misappropriated trade secrets and conspired with T&S Enterprises.

The claims against Jeffrey Thomas stand, and they are not covered by the arbitration provisions in either the Carpenter Chemicals/T&S Enterprise contract or the Trimech Finishing Solutions' agreement.

B. <u>The Court Should Stay Portions of the Proceedings, not Dismiss Them.</u>

The Court should not dismiss the Complaint, but rather should stay the portions of the proceedings subject to arbitration such that (1) the matter may later return and this Court order injunctive relief based upon the arbitral findings, and (2) the claims against Jeffrey Thomas remain in this Court.

The Federal Arbitration Act favors a stay of a matter sent to arbitration. 9 U.S.C. §3 provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, <u>shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement,</u> providing the applicant for the stay is not in default in proceeding with such arbitration.

The statute does not consider outright dismissal.

The cases cited by Defendants do not support their argument for dismissal. Notably, in *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707 (4th Cir. 2001), which Defendants cite for a general proposition regarding dismissal, the court observed that there were exceptions to the arbitration clause and remanded with directions that the district should stay the

4

matter.   Certainly if there is nothing left of a case after referral to arbitration, then dismissal would be appropriate.  But when there is likely more for the district court to do, then a stay is the appropriate action.  In the case at bar, as shown below, the parties' agreement expressly recognizes an exception to arbitration for injunctive relief.   Additionally, the claims against Thomas remain.  These facts separate the case at bar from the cited authority, and favor the Court staying in part the proceedings, not dismissing them.

This Court's role in this case will not end with a referral to arbitration.  Carpenter Chemicals' Complaint seeks the following injunctive relief, as summarized in the introduction to the Complaint:[1]

> Carpenter Chemicals also seeks permanent injunctive relief barring Taegar Enterprises, Inc. d/b/a T & S Enterprises from, among other activity,

---

[1]  At Paragraph 70 of its Complaint Carpenter Chemicals asks this Court to impose injunctive relief as follows:

(1) Enjoin T & S Enterprises from competing with Carpenter Chemicals in the Organic/Ferro-Organic Pretreatment business until, at the earliest, January 1, 2014;

(2) Enjoin T & S Enterprises promoting the Organic/Ferro-Organic Pretreatment products of any competing firm, including Calvary Industries, Inc., until, at the earliest, January 1, 2014;

(3) Enjoin T & S Enterprises and Jeffrey Thomas from disclosing any trade secrets and confidential information of Carpenter Chemicals;

(4) Enjoin T & S Enterprises and Jeffrey Thomas from making any use of the trade secrets of Carpenter Chemicals;

(5) Enjoin T & S Enterprises from making any further use of the names and terms "Carpenter Chemicals", "Pai-Kor", "PaiKor", "Plaforization" , "Toran", and "Ecophor", including enjoining the use of these terms as metatags on the T & S Enterprises' websites;

(6) Enjoin T & S Enterprises from prosecuting any patent in whole or in part of the trade secrets of Carpenter Chemicals, and require T & S Enterprises to withdraw the provisional patent application now on file; and

(7)  Enjoin T & S Enterprises and Jeffrey Thomas from continuing their illegal conspiratorial conduct.

(1) disclosing confidential information in violation of the contract covenants, (2) competing directly against Carpenter Chemicals in the narrowly defined Organic/Ferro-Organic metal pretreatment market for set a period in violation of the contractual covenants, (3) promoting the competing products of Calvary Industries, Inc., and (4) prosecuting a patent in violation of the contractual covenants.

Not only is there a later role for the Court, the arbitration provision in the parties' contract expressly recognizes the prospect of injunctive relief. Section 11.1 reads in part:

> The parties agree to binding arbitration in the Commonwealth of Virginia . . .. This will, however, <u>not exclude the right to petition a court of competent jurisdiction in the Commonwealth of Virginia for issuance of an injunction</u> in the event of threatened irreparable injury. . . .

*Physicians Insurance Capital LLC v. Praesidium Alliance Group LLC*, Case No. 1:10-cv-469 (AJT/JFA), cited by Defendants, only confirms that in certain cases dismissal may be appropriate. It does not appear from the pleadings in that case that plaintiffs were seeking extensive injunctive relief, nor is there any suggestion from the briefs that there were remaining claims.

In sum, the Court should enter a partial stay in this case. Defendants' argument for dismissal is an overreach.

### III.  CONCLUSIONS

For the reasons argued above, Plaintiff Carpenter Chemicals asks this Court to order as follows:

<u>First</u>, that Plaintiff's claims against T&S Enterprises be arbitrated, with the proceedings with respect to those claims stayed pending the arbitral findings, and, depending upon those findings, that the matter be returned to this Court for entry of injunctive relief.

<u>Second</u>, Defendants' Motion be denied with respect to Plaintiff's claims against Jeffrey Thomas.

                                  Respectfully submitted,

                                  **CARPENTER CHEMICALS LC**
                                  By Counsel

  /s/
James S. Kurz (VSB #16610)
Counsel for Plaintiff Carpenter Chemicals LC
**ALEXANDRIA | FAIRFAX LITIGATION PLLC**
1800 Diagonal Road, Suite 600
Alexandria, VA  22314
Phone: (703) 370-2096
Fax:     (877) 370-2097
JKurz@AlexffxLitigation.com

John Ates (VBS #71697)
Counsel for Plaintiff Carpenter Chemicals LC
The Ates Law Firm, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA  22314
Phone: (703) 647-7501
FAX:    (703) 229-6430
j.ates@ateslaw.com

**CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that on September 13, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/EF System, which will send notification of the filing to the following counsel of record:

>Robert M. Tyler (VSB # 37861)
>Attorney for Taeger Enterprises, Inc. & Jeffrey H. Thomas
>McGUIREWOODS LLP
>One James Center
>901 East Cary Street
>Richmond, Virginia 23219-4030
>rtyler@mcguirewoods.com
>
>Evan E. Miller (VSB # 37861)
>Attorney for Taeger Enterprises, Inc. & Jeffrey H. Thomas
>McGUIREWOODS LLP
>One James Center
>901 East Cary Street
>Richmond, Virginia 23219-4030
>rtyler@mcguirewoods.com

>\_\_\_/s/_____
>James S. Kurz (VSB #16610)
>Counsel for Plaintiff Carpenter Chemicals LC
>**ALEXANDRIA | FAIRFAX LITIGATION PLLC**
>1800 Diagonal Road, Suite 600
>Alexandria, VA  22314
>Phone: (703) 370-2096
>Fax:     (877) 370-2097
>JKurz@AlexffxLitigation.com