IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **CARPENTER CHEMICALS, LC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No.: 1:10CV791 AJT/TRJ |
| | ) |
| **TAEGER ENTERPRISES, INC.,** | ) |
| d/b/a/ T&S Enterprises, Inc. | ) |
| | ) |
| and | ) |
| | ) |
| **JEFFREY H. THOMAS,** | ) |
| | |
| **Defendants.** | |

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
### TO FOR A PROTECTIVE ORDER

Defendants Taeger Enterprises, Inc., d/b/a/ T&S Enterprises, Inc. ("T&S"), and Jeffrey H. Thomas ("Thomas") (jointly, "Defendants") state the following in support of their Motion for Protective Order that the discovery sought previously served by Plaintiff Carpenter Chemicals, LC ("Carpenter"), not be had in this action until otherwise appropriate under the Federal Rules of Civil Procedure.

### I. INTRODUCTION

On July 16, 2010, Carpenter filed its Complaint in this Court and contemporaneously served initial discovery requests upon Defendants. The parties have not held a Rule 26(f) planning conference, and have not stipulated to the service of any discovery. Moreover, at the time it served discovery, Carpenter had not sought a court order stating that discovery would proceed. Accordingly, Defendants acknowledged receipt of the discovery requests, but informed Plaintiff's counsel that they were untimely and improper under the Federal Rules of Civil Procedure. On September 14, 2010, Plaintiff filed a Motion to Compel Answers to

Interrogatories and Production of Documents based on Defendants' refusal to respond to the discovery requests.

## II.  ARGUMENT

Federal Rule of Civil Procedure 26(d) flatly states that, "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . or when authorized by these rules, by stipulation, or by court order."  Fed. R. Civ. P. 26(d).  Moreover, the notes accompanying the 2000 Amendments to the Federal Rules state that 26(d) was amended to

> remove the prior authority to exempt cases *by local rule* from the moratorium on discovery before the subdivision (f) conference, . . . .  The parties may agree to disregard the moratorium where it applies, and the court may so order in a case, but "standing" orders altering the moratorium are not authorized.

Fed. R. Civ. P. 26(d), 2000 Amendment, Subdivision (d) (emphasis added).  While Local Rule 26(C), the sole reed supporting Plaintiff's discovery forays, admittedly references a time period for objections and responses to discovery requests served with a summons and complaint, Local Rule 1(A) makes clear that the Local Rules only apply to civil actions "*so far as not inconsistent"* with Federal Rule of Civil Procedure 83, the rule enabling local rules.  U.S. District Court Rules (E.D. VA.) 1(A) (emphasis added).  Rule 83, in turn, states that "[a] local rule must be consistent with . . . federal statutes and rules."  Fed. R. Civ. P. 83(a).  To the extent it suggests that a plaintiff may conduct discovery immediate upon initiation of civil action, Local Rule 26(C) is inconsistent with the Federal Rules of Civil Procedure and therefore, is invalid.  Nothing in the Federal Rules allows Carpenter to conduct discovery without first conducting a permitted under Fed. R. Civ. P. 26(d) and (f).

Here, the parties have not met and conferred as required by Rule 26(f), and they have not agreed to waive Rule 26(d).  In fact, the parties agree that this matter should be arbitrated, in whole or in part, where discovery would proceed in accordance with the Commercial Rules of the American Arbitration Association.  Carpenter has failed to commence that arbitration, however, preferring to improperly invoke federal discovery rules in an attempt to conduct a fishing expedition, presumably to explore whether this case is worth pursuing.  Carpenter's demand that Defendants respond to searching discovery requests, before the parties have had a chance to confer under Rule 26(f), and even before the proper venue has been determined for this matter, is unreasonable, contrary to the Rules of Civil Procedure and should be prohibited by a protective order

### III.  CONCLUSION

For the above stated reasons, Defendants respectfully request that this Court enter a Protective Order prohibiting Plaintiff from seeking discovery until otherwise timely and appropriate under Federal Rule of Civil Procedure 26(d) and 26(f).

September 17, 2010

Respectfully submitted,

TAEGER ENTERPRISES, INC. &
JEFFREY H. THOMAS

By Counsel

/s/_____
Robert M. Tyler (VSB # 37861)
Evan E. Miller (VSB #77084)
Attorneys for Taeger Enterprises, Inc. &
Jeffrey H. Thomas
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
Telephone:    (804) 775-1000

Facsimile:   (804) 775-1061
rtyler@mcguirewoods.com
emiller@mcguirewoods.com

## CERTIFICATE OF SERVICE

I certify that on September 17, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/EF system, which will send notification of the filing to the following counsel of record for Plaintiff Carpenter Chemicals, LC:

| | |
|---|---|
| James S. Kurz<br>Alexandria \| Fairfax Litigation PLLC<br>1800 Diagonal Road, Suite 600<br>Alexandria, Virginia 22314<br>Phone: (703) 370-2096<br>jkurz@alexffxlitigation.com | John Ates<br>Ates Law Firm, P.C.<br>1800 Diagonal Road, Suite 600<br>Alexandria, VA 22314<br>Phone: (703) 647-7501<br>FAX: (703) 229-6430<br>j.ates@ateslaw.com |

/s/_____
Robert M. Tyler (VSB # 37861)
Evan E. Miller (VSB #77084)
Attorneys for Taeger Enterprises, Inc. &
Jeffrey H. Thomas
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
Telephone:   (804) 775-1000
Facsimile:   (804) 775-1061
rtyler@mcguirewoods.com
emiller@mcguirewoods.com