IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **CARPENTER CHEMICALS, LC,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) Civil Action No.: 1:10CV791 AJT/TRJ |
| **TAEGER ENTERPRISES, INC.,** d/b/a/ T&S Enterprises, Inc. | ) ) ) ) |
| and | ) ) |
| **JEFFREY H. THOMAS,** | ) |
| **Defendants.** | |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS

Defendants Taeger Enterprises, Inc., d/b/a/ T&S Enterprises, Inc. ("T&S"), and Jeffrey H. Thomas ("Thomas") (jointly, "Defendants") state the following reasons why the Motion to Compel Answers to Interrogatories and Production of Documents filed by Plaintiff Carpenter Chemicals, LC ("Carpenter"), should be denied

Federal Rule of Civil Procedure 26(d) flatly states that, "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d). Moreover, the notes accompanying the 2000 Amendments to the Federal Rules state that 26(d) was amended to

> remove the prior authority to exempt cases *by local rule* from the moratorium on discovery before the subdivision (f) conference, . . . . The parties may agree to disregard the moratorium where it applies, and the court may so order in a case, but "standing" orders altering the moratorium are not authorized.

Fed. R. Civ. P. 26(d), 2000 Amendment, Subdivision (d) (emphasis added).  While Local Rule 26(C), the sole reed supporting Plaintiff's discovery forays, admittedly references a time period for objections and responses to discovery requests served with a summons and complaint, Local Rule 1(A) makes clear that the Local Rules only apply to civil actions "*so far as not inconsistent*" with Federal Rule of Civil Procedure 83, the rule enabling local rules.  U.S. District Court Rules (E.D. VA.) 1(A) (emphasis added).  Rule 83, in turn, states that "[a] local rule must be consistent with . . . federal statutes and rules."  Fed. R. Civ. P. 83(a).  To the extent it suggests that a plaintiff may conduct discovery immediate upon initiation of civil action, Local Rule 26(C) is inconsistent with the Federal Rules of Civil Procedure and therefore, is invalid.  Nothing in the Federal Rules allows Carpenter to conduct discovery without first conducting a permitted under Fed. R. Civ. P. 26(d) and (f).

Here, the parties have not met and conferred as required by Rule 26(f), and they have not agreed to waive Rule 26(d).  In fact, the parties agree that this matter should be arbitrated, in whole or in part, where discovery would proceed in accordance with the Commercial Rules of the American Arbitration Association.  Carpenter has failed to commence that arbitration, however, preferring to improperly invoke federal discovery rules in an attempt to conduct a fishing expedition, presumably to explore whether this case is worth pursuing.  Carpenter's demand that Defendants respond to searching discovery requests, before the parties have had a chance to confer under Rule 26(f), and even before the proper venue has been determined for this matter, is unreasonable and contrary to the Rules of Civil Procedure.  Carpenter's motion to compel that discovery should be denied.

September 17, 2010                                  Respectfully submitted,

                                                     TAEGER ENTERPRISES, INC. &
                                                   JEFFREY H. THOMAS

                                                   By Counsel

                                                 /s/_____
                                               Robert M. Tyler (VSB # 37861)
                                               Evan E. Miller (VSB #77084)
                                               Attorneys for Taeger Enterprises, Inc. &
                                               Jeffrey H. Thomas
                                               McGUIREWOODS LLP
                                               One James Center
                                               901 East Cary Street
                                               Richmond, Virginia 23219-4030
                                               Telephone:    (804) 775-1000
                                               Facsimile:    (804) 775-1061
                                               rtyler@mcguirewoods.com
                                               emiller@mcguirewoods.com

## **CERTIFICATE OF SERVICE**

I certify that on September 17, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/EF system, which will send notification of the filing to the following counsel of record for Plaintiff Carpenter Chemicals, LC:

James S. Kurz
Alexandria | Fairfax Litigation PLLC
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
Phone: (703) 370-2096
jkurz@alexffxlitigation.com

John Ates
Ates Law Firm, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Phone: (703) 647-7501
FAX: (703) 229-6430
j.ates@ateslaw.com

/s/_____
Robert M. Tyler (VSB # 37861)
Evan E. Miller (VSB #77084)
Attorney for Taeger Enterprises, Inc. &
Jeffrey H. Thomas
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
Telephone:    (804) 775-1000
Facsimile:    (804) 775-1061
rtyler@mcguirewoods.com
emiller@mcguirewoods.com