**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| **CARPENTER CHEMICALS, LC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 1:10CV791 AJT/TRJ** |
| | ) | |
| **TAEGER ENTERPRISES, INC.,** | ) | |
| **d/b/a/ T&S Enterprises, Inc.** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **JEFFREY H. THOMAS,** | ) | |
| | | |
| **Defendants.** | | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS AND TO COMPEL ARBITRATION**

Defendants Taeger Enterprises, Inc., d/b/a/ T&S Enterprises, Inc. ("T&S"), and Jeffrey H. Thomas ("Thomas") (jointly, "Defendants") submit this Reply Memorandum in support of their Motion to Dismiss and to Compel Arbitration.

**A.      The Claims Asserted against Thomas are Arbitrable.**

Carpenter asserts that its claims against Thomas are not arbitrable because they are allegedly against Thomas in his individual capacity.  That argument simply does not withstand scrutiny.  Carpenter's Complaint alleges that Thomas misappropriated trade secrets and conspired with T&S to harm Carpenter's business.  As Carpenter has alleged, Thomas' relationship with Carpenter and subsequent allegedly tortious acts arose solely from the Trimech Agreement, entered into by Thomas' company and Carpenter, in 2006.  (Compl. ¶¶ 16-17; *see*; Ex. 1  to Defs.' Mem. in Support of Mot. to Dismiss and to Compel Arbitration, Section 2.1-2.2.)  The Complaint states clearly that it was under the Trimech Agreement that Thomas became

privy to Carpenter's purported trade secrets and worked with T&S on the Knoll project, where Defendants allegedly began their conspiracy to injure Carpenter's business.  (Compl. ¶¶ 19-30.)

The only other alternative is that Carpenter's claims against Thomas arise from actions allegedly taken as an employee of Carpenter.  In that case, the claims against Thomas are arbitrable as claims against T&S under the arbitration provision of the Carpenter/T&S contract. Since Carpenter entered into the same arbitration agreement with T&S and Trimech, either way, Carpenter should be compelled to arbitrate its claims against Thomas.

**B.      The Case Should be Dismissed Without Prejudice.**

Carpenter offers two bases for its position that that the case should be stayed, rather than dismissed: (1) the claims against Thomas are not subject to arbitration, and (2) the Complaint requests injunctive relief.  As discussed above, all of Carpenter's claims – including those against Thomas – are arbitrable.  Additionally, notwithstanding Carpenter's prayer for injunctive relief, it has alleged nothing upon which this Court could base such relief, having failed to plead any facts suggesting a threat of irreparable injury.  Moreover, as in *Johnson v. Carmax, Inc.*, "any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy, but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law."  2010 U.S. Dist. LEXIS 70700, *13-14 (E.D. Va. July 14, 2010).  For that reason, "[r]etaining jurisdiction and staying this action will serve no purpose." *Id.*  There is no reason for this case to languish on the Court's docket.  It should be dismissed without prejudice and the parties should arbitrate this entire dispute as they all agreed.

**CONCLUSION**

For the reasons stated above, Defendants respectfully request that the Court issue an order dismissing the Complaint without prejudice and compelling arbitration of all claims.

Date:   September 20, 2010

Respectfully submitted,

TAEGER ENTERPRISES, INC. &
JEFFREY H. THOMAS

By Counsel


/s/_____
Robert M. Tyler (VSB # 37861)
Evan E. Miller (VSB #77084)
Attorneys for Taeger Enterprises, Inc. &
Jeffrey H. Thomas
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
Telephone:     (804) 775-1000
Facsimile:      (804) 775-1061
rtyler@mcguirewoods.com
emiller@mcguirewoods.com

## CERTIFICATE OF SERVICE

I certify that on September 20, 2010, I electronically filed the foregoing with the Clerk of

the Court using the CM/EF system, which will send notification of the filing to the following

counsel of record for Plaintiff Carpenter Chemicals, LC:

James S. Kurz
Alexandria | Fairfax Litigation PLLC
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
Phone: (703) 370-2096
jkurz@alexffxlitigation.com

John Ates
Ates Law Firm, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Phone: (703) 647-7501
FAX: (703) 229-6430
j.ates@ateslaw.com

/s/_____
Robert M. Tyler (VSB # 37861)
Evan E. Miller (VSB #77084)
Attorney for Taeger Enterprises, Inc. &
Jeffrey H. Thomas
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
Telephone:     (804) 775-1000
Facsimile:     (804) 775-1061
rtyler@mcguirewoods.com
emiller@mcguirewoods.com